UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CRAIG DEGALE,                                  :
                          Plaintiff,  :
v.                                             :   **OPINION AND ORDER**
                                               :
SGT. T. MCDONOUGH, C.O. T.                     :   16 CV 9905 (VB)
CRAWFORD, C.O. J. PARRISH, and C.O. H.         :
RIOFRIO,                                       :
                          Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Craig Degale, a former inmate at Downstate Correctional Facility ("Downstate"), currently housed at Five Points Correctional Facility, brings this action pro se and in forma pauperis under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and 42 U.S.C. § 1983, alleging violations of his First Amendment right to free exercise of his Rastafarian religion.

      Defendants have moved to dismiss the amended complaint under Rule 12(b)(6). (Doc. #47). For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

      In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor.

      Plaintiff is Rastafarian and, pursuant to his religion, wears a beard.

      On January 14, 2016, plaintiff arrived at Downstate. As part of the intake process plaintiff had to shave his beard. Plaintiff alleges he told defendants that he had an "injunction

1

from the judge" excusing him from the haircut and shave requirement.[1] (Am. Compl. at 2).[2] Nevertheless, plaintiff was forced to shave his beard.

## DISCUSSION

I. <u>Legal Standard</u>

In deciding a motion to dismiss under Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" announced by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.

---

[1] Defendants attach the alleged injunction to their motion. (Defs. Br. Ex. B). The document is an unsigned form titled, "Sample Haircut Order," and was never signed by a judge. (<u>Id</u>.) In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010).

[2] As used herein, "Am. Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint. (Doc. #36).

Because plaintiff is proceeding pro se, the Court must construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Nor may the Court "invent factual allegations [plaintiff] has not pled." Id.

II.   First Amendment Claim

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal citation omitted). The First Amendment's free exercise guarantee applies to state actors through the Fourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296, 303 (1940). To state a free exercise claim, plaintiff "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274–75 (2d Cir. 2006).[3]

An inmate's "right to practice his religion is, however, not absolute." Salahuddin v. Coughlin, 993 F.2d 306, 308 (2d Cir. 1993). Corrections facilities may restrict religious exercise so long as such restrictions are "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. at 349 (citation omitted). Thus, even if plaintiff can

---

[3]   In determining whether a plaintiff has made this threshold showing, the Court may not "question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." Ford v. McGinnis, 352 F.3d 582, 597 (2d Cir. 2003) (internal quotation marks omitted) (emphasis original). The Court's "scrutiny extends only to whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." Id. at 590 (citation omitted); accord Jackson v. Mann, 196 F.3d 316, 321 (2d Cir. 1996) ("Free Exercise protection turns on whether [beliefs] are 'sincerely held,' not on . . . 'ecclesiastical question[s].'").

3

establish defendants substantially burdened his right to religious exercise, he cannot state a free exercise claim if defendants can show "the disputed official conduct was motivated by a legitimate penological interest." Salahuddin v. Goord, 467 F.3d at 276; see also Young v. Coughlin, 866 F.2d 567, 570 (2d Cir. 1989); accord Harris v. Lord, 957 F. Supp. 471, 475 (S.D.N.Y. 1997) (denying motion to dismiss because "[d]efendants assert no reason, compelling or otherwise, as to why plaintiff was denied access to attend her religious services").

Regardless of the burden the initial shave placed on plaintiff's religious exercise, it is well established that the initial shave procedure contained in New York State Department of Corrections Directive 4914 ("Directive 4914") "serves a legitimate penological interest in maintaining prison security and a record of prisoners' appearances in case of escape." Singh v. Goord, 520 F. Supp. 2d 487, 507 (S.D.N.Y. 2007) (citing Young v. Goord, 2005 WL 562756, at *2 (E.D.N.Y. Mar. 10, 2005), [4] aff'd, 192 Fed. App'x 31 (2d Cir. 2006)); see also Benjamin v. Coughlin, 905 F.2d 571, 575 n.3 (2d Cir. 1990) (citing Fromer v. Scully, 874 F.2d 69, 76 (2d Cir. 1989)).

Accordingly, defendants have shown their official conduct was motivated by a legitimate penological interest and plaintiff's First Amendment claim must be dismissed.

III. RLUIPA Claim

To the extent plaintiff brings a claim under RLUIPA, that claim is moot.

"RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities." Holland v. Goord, 758 F.3d 215, 224 (2d Cir. 2014) (citing Washington v. Gonyea, 731 F.3d 143, 145–46 (2d Cir. 2013) (per curiam)). Instead, a

---

[4] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

plaintiff may only seek injunctive or declaratory relief under RLUIPA. See Holland v. Goord, 758 F.3d at 224. Moreover, "[a]bsent any request for prospective relief to remedy ongoing violations of federal law, a declaration that the defendants violated the plaintiff's constitutional rights in the past is barred by the Eleventh Amendment." Hill v. Chapdelaine, 2017 WL 62511, at *2 (D. Conn. Jan. 5, 2017) (citing Green v. Mansour, 474 U.S. 64, 71–73 (1985)).

Here, plaintiff seeks monetary damages and for defendants to be punished. Plaintiff cannot seek injunctive or declaratory relief because there is no continuing burden on plaintiff's religious practice—the challenged beard-shaving procedure occurs only upon intake.

Accordingly, plaintiff's RLUIPA claim, if any, must be dismissed.

IV. Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, plaintiff filed an amended complaint pursuant to a Valentin Order. Moreover, because Directive 4914 does not violate the First Amendment as a matter of law, plaintiff cannot replead a valid free exercise claim. Lastly, because of the one-time shave, plaintiff cannot seek any relief under RLUIPA as plaintiff does not plead an ongoing constitutional violation and the statute precludes a monetary award.

Accordingly, leave to amend would be futile.

5

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #47).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: June __, 2018
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge